In the Matter of the Proceedings Supplementary to Execution, under a Judgment in Favor of HERMAN W. VAN SENDEN, Respondent, v. BEATRICE M. PRATT, Judgment Debtor, to Examine a Third Party.

WILLIAM E. BENJAMIN, Appellant.

First Department, December 5, 1919.

**Judgment — supplementary proceedings — examination of third party — insufficient affidavit.**

An order for the examination of a third party in proceedings supplementary to execution should not be granted where the only evidence that the third party holds property of the judgment debtor is the affidavit of the judgment creditor's attorney who alleges that the source of his knowledge and the grounds of his belief is a statement signed by the judgment debtor now in deponent's possession, but which statement he refuses to show upon request.

Such affidavit is not sufficient under section 2441 of the Code of Civil Procedure.

Where there is no direct proof, nor any written evidence, that a third party has property belonging to a judgment debtor, but merely an allegation on information and belief that such is the fact based on a statement by some other person, even though the other person be the judgment debtor, that statement must be submitted to the justice to whom the application is made before any foundation is laid for an order to examine the third party.

APPEAL by William E. Benjamin, third party, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 25th day of October, 1919, denying his motion to vacate the order for his examination in third party proceedings supplementary to execution.

*Albert Stickney* of counsel [*Larkin & Perry*, attorneys], for the appellant.

*Jerome A. Strauss* of counsel [*Max D. Steuer*, attorney], for the respondent.

DOWLING, J.:

An order was made for the examination of William E. Benjamin as a third party, requiring him to appear and be examined concerning certain property claimed to be in his possession belonging to the judgment debtor, Beatrice M. Pratt. This order was granted on the affidavit of Max D. Steuer, attorney for the judgment creditor, wherein the only statement referring to Benjamin is as follows: " That William E. Benjamin has personal property of the said judgment debtor exceeding $10 in value, consisting of stocks, bonds and monies, and is indebted to said judgment debtor in a sum exceeding $10; that the sources of deponent's knowledge and the grounds of his belief as to the said judgment debtor's property and the said possession thereof by said third party is as follows: A statement signed by said Beatrice M. Pratt, now in deponent's possession." Counsel for Benjamin asked that this alleged statement of Beatrice M. Pratt be shown him, but the request was refused.

We are of the opinion that the affidavit was insufficient to furnish a basis for the order for Benjamin's examination. The application for the order was made under section 2441 of the Code of Civil Procedure, providing as follows: " Upon proof, by affidavit, or other competent written evidence, to the satisfaction of the judge, * * * that any person or corporation has personal property of the judgment debtor, exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars; the judgment creditor is entitled to an order, requiring that person or corporation to attend and be examined concerning the debt, or other property, at a time and place specified in the order."

The affidavit of Mr. Steuer does not satisfy this requirement of the Code. There was no proof of any kind offered to the justice who granted the order that Benjamin had any property belonging to the judgment debtor, nor any written evidence thereof. All that is set forth is the attorney's conclusion, based on an undisclosed statement by the judgment debtor. The attorney might be satisfied that Benjamin had property on Beatrice M. Pratt's statement, but if disclosed it might fall far short of satisfying the court that such was the fact.

If there is no direct proof, nor any written evidence, that a third party has property belonging to a judgment debtor, but merely an allegation on information and belief that such is the fact, based on a statement by some other person, that statement must be submitted to the justice to whom the application is made before any foundation can be laid for an order to examine a third party.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the order for the examination of William E. Benjamin granted, with ten dollars costs.

Clarke, P. J., Smith, Page and Philbin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.